APPEAL from an order of the General Term of the Supreme Court in the second judicial department, quashing a writ of certiorari issued to .defendants as assessors of the town of Southfield, Richmond county. The relator, a tax-payer of the town of Southfield, obtained the writ upon the ground that defendants had omitted to make the proper entries required by the Revised Statutes (as amended, Laws of 1853, chap. 654; Laws of 1857, chap. 456) in respect to the Richmond County Gas-light Company, and had undervalued its property $226,600. It appeared that prior to the issuing of the writ, the defendants had completed their roll and it had been delivered to the board of supervisors.

*Wm. Henry Anthon* for the appellants.

*Geo. J. Greenfield* for the respondents.

GROVER, J., reads opinion for affirmance. All concur. Order affirmed, without costs.

---

GABRIELLE SAELTZER, Respondent, *v.* SARAH FINDULL, Appellant.

(Argued March 26, 1872; decided April 2, 1872.)

*Isaac L. Egbert* for the appellant.

*Geo. P. Avery* for the respondent.

Agree to dismiss appeal. No opinion.

---

IN THE MATTER OF THE PETITION OF LEANDER SMITH, Appellant, *v.* PHILIP SMITH, Respondent.

(Argued March 26, 1872; decided April 2, 1872.)

*E. F. Bullard* for the appellant.

*James W. Culver* for the respondent.

Agree to dismiss appeal.   No opinion.

---

SOLOMON GRAVES, Respondent, *v.* CLARINDA H. SPIER,
Appellant.

(Argued March 27, 1872; decided April 2, 1872.)

*A. McDonald* for the appellant.

*Francis Kernan* for the respondent.

Agree to affirm.   No opinion.   FOLGER, J., not voting.

---

THE MAYOR, ETC., OF THE CITY OF TROY, Respondents, *v.* THE
TROY AND LANSINGBURGH RAILROAD COMPANY, Appellant.

By the acceptance by a railroad corporation of a license from a municipal
corporation to lay and operate its tracks in the streets of the latter, the
terms and conditions upon which the license is granted become a con-
tract between the parties.

A reservation of power on the part of the municipal corporation to revoke
the license in case of failure to comply with the terms, does not affect
the liability of the railroad corporation while operating its road under
the license.

Where a judgment is obtained against a city in an action brought to
recover damages for injuries sustained, in consequence of a failure of a
railroad corporation to comply with its contract to keep that portion of
the street occupied by its track in good repair and safe for travel, and
where the latter has notice of the action and an opportunity to defend,
the record of the judgment is competent evidence in an action against it
brought by the city, and is conclusive as to its liability and as to the
amount the city is entitled to recover.

(Argued March 29, 1872; decided April 9, 1872.)

THIS action was brought to recover the amount of a judg-
ment paid by plaintiffs for damages sustained by the overturn-
ing of a sleigh in one of its streets.